IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Alaina Hampton,<br><br>   Plaintiff,<br><br>v.<br><br>Democratic Party of Illinois, Friends of Michael J. Madigan, Democratic Majority and 13th Ward Democratic Organization<br><br>   Defendants. | Case No. 18-cv-2069<br><br>Judge Sara L. Ellis |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEMOCRATIC PARTY OF ILLINOIS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, the Democratic Party of Illinois ("DPI"), for its Memorandum in Support of its Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint, states as follows:

**INTRODUCTION**

In the First Amended Complaint ("FAC"), Plaintiff alleges a one count complaint against all Defendants for Title VII retaliation. A Title VII retaliation claim can only be asserted by an employee against her employer. The conclusory allegations in the FAC fail to establish that an employment relationship existed between Plaintiff and DPI at the relevant time period. Accordingly, the FAC must be dismissed as to DPI.

Specifically, in the FAC, Plaintiff's allegations regarding her purported employment with DPI are limited to the following: DPI "is a political party committee with the purpose of electing Democratic candidates to public and political offices in the State of Illinois" and Illinois House Speaker Michael J. Madigan ("Speaker Madigan") is, and at all times was, the Chairman of DPI. (Dkt. 9, ¶14). Between 2012 and 2017, Plaintiff claims that she was a political staffer and

campaign manager for "the defendant political/candidate committees controlled by [Speaker Madigan]." (Dkt. 9, ¶1).

Plaintiff alleges that Speaker Madigan "controls the accounts of each campaign fundraising entity and is able to transfer money from one account to another to support democratic campaigns and candidates. Funds from the Madigan Defendants' accounts are used, at various times, to pay the salaries of their political campaign staffers." (Dkt. 9, ¶18). "[O]n information and belief," Plaintiff contends that "as Chairman of the Madigan Defendants, Speaker Madigan also controls their employment decisions, including whether they employ and/or provide funds to any specific campaign to employ any individual as a paid staffer for any specific campaign." *Id.*

Plaintiff's vague allegations fail to establish that an employment relationship existed between DPI and Plaintiff under the *Twombly/Iqbal* pleading standard. Accordingly, Plaintiff's Title VII claim against DPI must be dismissed.

## STANDARD

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and provide Defendant with "fair notice" of the claim and the basis for it. Fed. R. Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann v. Vogel*, 07 F.3d 872, 877 (7th Cir. 2013). However, the Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Mann*, 07 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678).

This standard "demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal,* 556 U.S. at 670.

In this case, Plaintiff's allegations fail to meet the *Twombly/Iqbal* plausibility standard because they do not establish that an employment relationship existed between DPI and Plaintiff during the time period alleged in the FAC. An employer-employee relationship is required to assert a Title VII claim. Accordingly, there is no basis for Plaintiff's claim against DPI, and DPI should be dismissed from this case.

## ARGUMENT

**I. Plaintiff's Title VII Claim Fails because She has not Established an Employment Relationship with DPI.[1]**

To assert a retaliation claim under Title VII, a plaintiff must allege the existence of an employment relationship. *Shields v. Property Mgmt. One Ltd.,* Case No. 02 C 3712, 2003 U.S. Dist. LEXIS 13498, at *4 ("To state a claim under Title VII, a plaintiff must, at the very least, allege that a defendant is his employer within the meaning of the Act."); *Wilcox v. Allstate Corp.,* Case No. 11 C 814, 2012 U.S. Dist. LEXIS 177929, at *32 (N.D. Ill. Dec. 17, 2012); *Shah v. Littelfuse, Inc.* Case No. 12-cv-6845, 2013 U.S. Dist. LEXIS 61081, at *8 (N.D.Ill. April 29, 2013) citing *Knight v. United Farm Bureau Mut. Ins. Co.,* 950 F.2d 377, 380 (7th Cir. 1991).

---

[1] All Defendants dispute that Plaintiff was an employee of any of their respective organizations. However, other than DPI, Defendants recognize that this Rule 12(b)(6) motion is not the appropriate stage of litigation to present additional affirmative matter which may otherwise be necessary to support their position.

To determine whether an employment relationship exists, courts look to the economic realities of the relationship and the degree of control the employer exercises over the alleged employee. *Wilcox,* 2012 U.S. Dist. LEXIS 177929, at *33 citing *Knight,* 950 F.2d at 380 (setting forth relevant factors). In *Shah,* for example, the court granted the defendant's motion to dismiss because the plaintiff failed to plead "factual allegations that plausibly demonstrate[d] [that defendant] was his employer." *Shah,* 2013 U.S. Dist. LEXIS 61081, at *8. The court found that the plaintiff's complaint was "devoid of any facts alleging [that defendant] controlled [plaintiff's] work conditions, assignments, evaluations, or performance." *Id.* at *9.

Similarly, in this case, Plaintiff does not allege facts showing that that DPI controlled her working conditions, assignments, evaluations or performance. Plaintiff does not allege any facts about when she contends she was an employee of DPI specifically. She does not allege when she was hired, who hired her or when she left her purported employment with DPI. She also does not allege what work she performed for DPI, how long she worked for DPI, who at DPI supervised her, what materials or equipment DPI provided her with or whether she worked for DPI exclusively during her purported employment. In addition, Plaintiff does not allege that DPI ever paid her any wages. While Plaintiff attached form W-2's issued by Defendants Democratic Majority and Friends of Michael J. Madigan as exhibits to the FAC, she did not provide W-2's or acknowledge the receipt of any W-2's or wages from DPI.

At best, Plaintiff vaguely asserts that she worked as a political staffer and campaign manager over a five year period, but she never specifies which Defendants she contends she worked for during that five year period. In her attempt to plead the existence of an employment relationship with DPI, Plaintiff relies on the speculative allegation that the wages she received from Defendants Democratic Majority and Friends of Michael J. Madigan could have been

transferred by Speaker Madigan from the account of another defendant and her assumption "on information and belief" that Speaker Madigan makes employment decisions regarding all Defendants.

These allegations do not establish that Plaintiff ever had an employment relationship with DPI. *See Shah,* 2013 U.S. Dist. 61081, at *11 ("A plaintiff cannot maintain a valid Title VII claim against a defendant based solely on the defendant's involvement in administrative tasks related to the plaintiff's employment.") citing *Clifford v. Patterson Companies, Inc.,* Case No. 08 C 828, 2009 U.S. Dist. LEXIS 107635, at *27-29 (parent company not plaintiff's employer because it did not "exercise any control over [plaintiff's] daily activities and workload," despite the fact that the parent company issued the plaintiff's paychecks, awarded him company stock, referred to him as an employee in the stock agreement, invited him to participate in a company plan, and advised him of confidentiality obligations).

Ultimately, Plaintiff's vague, conclusory and speculative allegations are devoid of facts to allow an inference that an employment relationship ever existed between DPI and Plaintiff. Plaintiff does not allege that DPI had any control over her daily activities or workload or that it issued paychecks or paid her wages at any point in time. Instead, Plaintiff relies on "labels and conclusions" in her strained effort to state a Title VII claim against an entity that never employed her. *Twombly,* 550 U.S. at 555; *See Shah,* 2013 U.S. Dist. LEXIS 61081, at *7 (motion to dismiss properly granted when plaintiff asserts "only speculative or conclusory allegations in the complaint"). Under *Twombly/Iqbal*, Plaintiff's inability to plausibly plead that she was employed by DPI requires dismissal of her claim.

301988366v1 1007667

**II. Plaintiff's Allegations do not Establish a Joint Employment Relationship in which DPI was her Employer.**

To the extent Plaintiff is attempting to rely on the joint employment theory to establish a basis to allege a Title VII claim against DPI, her claim fails for the same reasons stated above. A joint employment relationship exists when "two employers exert significant control over the same employees." *Shah,* 2013 U.S. Dist. LEXIS 61081, at *8-9 citing *Wilcox*, 2012 U.S. Dist. LEXIS 177929, at *32-34 (no joint employment relationship where defendant did not supervise plaintiff, direct or control plaintiff's assignments, provide plaintiff feedback, or process plaintiff's requests for time off).

In *Garzon v. Arrowmark. Holdings, LLC,* for example, the court dismissed a plaintiff's Title VII claim against defendant Arrowmark who was the majority owner of the plaintiff's employer, First National. Case No. 16 C 11525, 2017 U.S. Dist. LEXIS 208889, at *2 (N.D.Ill. Dec. 20, 2017). The plaintiff asserted that her Title VII claim against Arrowmark was viable because Arrowmark was her joint employer. *Id.* at*3. The court rejected the plaintiff's argument because the plaintiff failed "to allege that Arrowmark exerted sufficient control and supervision over her employment to subject it to Title VII liability" and did not allege that Arrowmark paid her compensation or had authority to hire or fire her. *Id.* at *5-6.

In addition, the court found that Arrowmark's alleged control of the day-to-day operations of First National did not establish an employment relationship between Arrowmark and the plaintiff. *Id.* at *6. While the allegations established the potential integration of the two companies, they did not establish "how Arrowmark controlled or supervised the work of [plaintiff] or any other First National employee." *Id.* at *7. Accordingly, the court granted Arrowmark's motion to dismiss. *Id.* at *8.

6

Here, Plaintiff's allegations hinge on her speculation that her wages could have been paid from the accounts of different defendants under the direction of Speaker Madigan. These allegations fail to establish a joint employment relationship between Plaintiff and DPI because, similar to the Title VII claim in *Garzon,* Plaintiff does not allege that DPI exerted any control over her employment. This is a critical omission because Plaintiff must establish that DPI exercised control over her employment for there to be an employer-employee relationship under the joint employment standard. *See Clifford,* 2009 U.S. 107635, at *29 (joint employment claim failed because employee focused on the fact that the defendant parent company provided administrative and legal support to the subsidiary employer but failed to demonstrate that the defendant "exercised any control over [plaintiff's] daily activities or workload."). The FAC is devoid of allegations establishing that DPI exercised control over Plaintiff's daily work and activities. As a result, the FAC must be dismissed as to DPI.

## CONCLUSION

For the foregoing reasons, Defendant, the Democratic Party of Illinois, respectfully requests that this Court grant its Motion to Dismiss Plaintiff's First Amended Complaint.

301988366v1 1007667

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ Aimee E. Delaney
Aimee E. Delaney

Aimee E. Delaney
James M. Lydon
Leigh C. Bonsall
Sunghee Sohn
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
adelaney@hinshawlaw.com
jlydon@hinshawlaw.com
lbonsall@hinshawlaw.com
ssohn@hinshawlaw.com

8

301988366v1 1007667