## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Alaina Hampton,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:18-cv-2069** |
| | ) | |
| **v.** | ) | **District Judge Sara L. Ellis** |
| | ) | |
| **Democratic Party of Illinois, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION BY THIRD-PARTY SUBPOENA RESPONDENTS
## FOR A PROTECTIVE ORDER

Third-Party subpoena respondents Emma Tai, D'Javan Conway, Stacy Davis-Gates, and the Chicago Teachers Union ("Respondents") hereby move for a protective order, pursuant to Federal Rules of Civil Procedure 26 and 45, governing the production of certain confidential documents pursuant to the Court's order of May 30, 2019, and in support of their motion state as follows:

1.      Plaintiff's First Amended Complaint [Docket No. 9] alleges sexual harassment and retaliation by Defendants, who are three political/candidate committees.  On March 15 (all dates 2019 except as noted), Plaintiff served Respondents with respective subpoenas for documents.  Respondents objected to the subpoenas.  Attempts to confer to resolve Respondents' objections were only partly successful.  On May 24, Plaintiff filed her Plaintiff's Motion to Compel Compliance with Rule 45 Document Subpoenas Issued to D'Javan Conway, Emma Tai and Stacy Davis Gates and for an Award of Costs and Attorney's Fees ("Motion to Compel" [Docket No. 52]).

2.      On May 30, the Court granted the Motion to Compel in part, directing

Respondents to produce:

(a)      emails and texts between  Respondents and Plaintiff for the period of
September 1, 2017 through January 30, 2018;

(b)      emails and texts among Respondents regarding Plaintiff for the period of
September 1, 2017 through January 30, 2018; and

(c)      emails and texts between Respondents and ten individuals Plaintiff
identified, regarding Plaintiff generally, or Plaintiff and Johnae Strong in
connection with the Fifth District Race for the 2018 election cycle, for the
period of September 1, 2017 through January 30, 2018.

3.      Respondents conducted a search for responsive documents.  On June 19,

Respondents produced ten pages of responsive documents that were not confidential.  But

Respondent's counsel advised Plaintiff's counsel that an additional five pages of documents had

been identified that Respondents did consider confidential, none of which were authored or

received by any agents of Defendants ("Confidential Information").  Respondents explained that

the Confidential Information reveals their confidential electoral strategies and does not appear to

have any bearing on whether Plaintiff was subject to sexual harassment or retaliation by

Defendants.  Respondents proposed a protective order governing the Confidential Information.

4.      Counsel for Plaintiff and Respondents met on June 25 to discuss the terms of a

protective order.  They were unable to reach a full agreement, but did reach agreement on certain

issues.  In particular, Respondents believe that the Confidential Information should not be

disclosed to parties or the representatives of the Defendant political committees, or used in any

depositions other than possible future depositions of authors or recipients of the Confidential

Information. Counsel for Plaintiff agreed that the Confidential Information merits protection, but

did not agree to limit disclosure in the nature of "attorneys' eyes only."

5.      Pursuant to Federal Rule of Civil Procedure 26(c), the Court has authority to issue

an order governing the use and disclosure of documents in discovery, including to protect

confidential records. Pursuant to Federal Rule of Civil Procedure 45(b)(3)(C), the Court may

limit discovery by subpoena to protect a third-party's confidentiality.   "One of the most

commonly used safeguards is disclosure only to attorneys." *Autotech Techs. L.P. v.*

*Automationdirect.com, Inc.*, 235 F.R.D. 435, 445 (N.D.Ill. 2006) (Cole, Magistrate J.) (collecting

cases).

6.      Attached to this motion is a proposed protective order, based on the Court's

model rule with modifications to the text indicated.  (Respondents can provide upon request a

version without the modifications shown.) Respondents submit that their proposed order is

appropriate because:

(a)      The documents do not directly bear on Plaintiff's allegations of retaliation
and sexual harassment, or on her work for Defendants in any way.  Rather,
they only discuss how Plaintiff might help Respondents in a political
election not involving Defendants.

(b)      Defendants are political committees.  Plaintiff is unable to identify each
and every individual who is an employee or agent of the Defendants.
Thus, limitation of disclosure to attorneys only protects Respondents
against potential wide-ranging disclosure to unknown employees or agents
of Defendants.

(c)      The Order allows Plaintiff to use the Confidential Information in potential
depositions of individuals who have already seen the Confidential
Information as authors or recipients of it.

(d)      Through paragraphs 5(a)(5) and 10, the proposed order allows Plaintiff or
Defendants to expand the scope of permitted disclosure upon a further
motion should other developments in the case justify that.  Thus, Plaintiff
is not prejudiced by limiting disclosure to attorneys only at this time,

because she can move for additional disclosure later if needed.

WHEREFORE, Respondents Emma Tai, D'Javan Conway, Stacy Davis-Gates, and the

Chicago Teachers Union request entry of their proposed protective order and leave to produce the

documents governed by it within seven days after it is entered.

Robert E. Bloch (#6187400)                                        Respectfully Submitted,
Josiah A. Groff (#6289628)
DOWD, BLOCH, BENNETT, CERVONE,                                /s/ Josiah A. Groff
      AUERBACH & YOKICH                                        Josiah A. Groff
8 S. Michigan Avenue    19th Floor                             Counsel for Respondents
Chicago, IL 60603
(312) 372-1361

June 26, 2019