UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAINA HAMPTON, ) | |
|     Plaintiff, ) | |
| ) | Case No. 18 CV 2069 |
| v. ) | |
| ) | Honorable Steven C. Seeger |
| DEMOCRATIC PARTY OF ILLINOIS, ) | |
| FRIENDS OF MICHAEL J. MADIGAN, ) | |
| DEMOCRATIC MAJORITY and, ) | |
| 13th WARD DEMOCRATIC ORGANIZATION, ) | |
|     Defendants. ) | |

**JOINT STATUS REPORT**

The parties hereby submit this Joint Status Report in accordance with the Court's September 23, 2019 Order (Dkt. 64):

**I.**     **Nature of the Case**

    **A.**   **Attorneys of Record:**

    Plaintiff Alaina Hampton is represented by:
    Shelly B. Kulwin (lead trial attorney), Rachel A. Katz & Jeffrey B. Kulwin
    KULWIN, MASCIOPINTO & KULWIN, LLP
    161 North Clark Street, Suite 2500
    Chicago, Illinois 60601

    Defendants Democratic Party of Illinois, Friends of Michael J. Madigan, Democratic Majority and 13th Ward Democratic Organization are represented by:
    Aimee Delaney (lead trial attorney), James M. Lydon & Leigh C. Bonsall
    HINSHAW & CULBERTSON LLP
    151 North Franklin Street, Suite 2500
    Chicago, Illinois 60606

    **B.**   **Basis for Federal Jurisdiction:**

    This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

C.  **Nature of Claims & Affirmative Defenses:**

Plaintiff alleges that Defendants discriminated and retaliated against her for opposing and reporting sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. *See* Dkt. 9 (First Amended Complaint).

For their affirmative defenses, Defendants assert, to the extent that Plaintiff's claims are based on events occurring outside the applicable 300 day limitations period, such claims are barred by the statute of limitations and, to the extent Plaintiff's claims rely on matters not asserted within her charge, such claims are barred by the failure to exhaust administrative remedies. *See* Dkt. 24 (Defendants' Answer).

D.  **Relief Sought:**

Plaintiff seeks compensatory damages, equitable relief, punitive damages and attorneys' fees and costs.

<u>Quantifiable Damages</u>: Based on the information currently available, Plaintiff believes that she is entitled to damages as follows:[1]
- Statutory Compensatory Damages: Pursuant to Title VII, Plaintiff reasonably believes she is entitled to statutory compensatory damages in the amount of $300,000.
- Actual Damages: Plaintiff seeks actual damages, in the form of lost wages, in the amount of approximately $1272.95. Plaintiff seeks additional damages for the emotional harm suffered, including mental anguish, inconvenience and loss of enjoyment of normal life activities, as result of the Defendants' misconduct, the exact amount to be determined at trial.
- Equitable Relief: Plaintiff seeks equitable relief in the form of front pay, in an amount to be calculated based on the date of the verdict and/or reinstatement to a comparable position.
- Punitive Damages: Plaintiff seeks punitive damages sufficient to deter and punish the Defendants for their discriminatory/retaliatory misconduct in an amount to be determined by the jury at trial.
- Reasonable Attorneys' Fees, Costs & Litigation Expenses: amount to be determined at the conclusion of this litigation.
- Pre/Post-Litigation Interest: to be determined at trial.

E.  **Service:**

All parties have been served.

---

[1] In accordance with the Court's Reassignment Order, these figures represent "ball park" estimates.

II. **Discovery and Pending Motions**

    A. **Pending Motions:**

    None

    B. **Mandatory Initial Discovery Pilot Project:**

    This is an MIDP case.

    C. **Current Discovery Schedule:**

    Final supplementation of MIDPs are due December 23, 2019. Fact discovery is scheduled to close on February 14, 2020.

    D. **Status of Discovery:**

    Completed Discovery: The parties have engaged in extensive written discovery. Both parties have issued and answered original written discovery requests, issued and answered supplemental discovery requests, produced voluminous documents and ESI discovery (to date, Plaintiff has produced more than 10,000 pages of documents and Defendants have produced more than 3000 pages of documents), participated in numerous Rule 37 conferences and exchanged dozens of Rule 37 correspondence.

    The parties have also engaged in substantial third party discovery efforts, including some that required motion practice and the Court's intervention. *See e.g.,* Dkt. 52 (Plaintiff's Motion to Compel Compliance with Rule 45 Subpoenas). To date, Plaintiff has issued approximately nine (9) Rule 45 subpoenas and Defendants have issued approximately fifteen (15) Rule 45 subpoenas.

    Outstanding Discovery:
- Written Discovery: The parties are near completion with written discovery. Plaintiff is currently awaiting Defendants' response to one category of documents requested in Plaintiff's supplemental request for production of documents. The remaining records are being requested from a third-party provider. Defense counsel believes these remaining records, if available, may be provided within the next thirty days. These documents should not prevent the parties from engaging in oral discovery.

- Third Party Discovery: There currently remains one outstanding Rule 45 subpoena issued by Plaintiff on August 21, 2019. There also remains one Rule 45 subpoena issued by Plaintiff to which the third-party respondent has objected to in its entirety based on what appears to be Fifth Amendment assertions. Plaintiff's counsel is currently engaged in ongoing discussions with the respondent's attorney regarding the subpoena. Plaintiff also

  anticipates issuing an additional 1-2 Rule 45 subpoenas for a very discrete category of documents that are not within the parties' possession or control.

- Oral Discovery: Oral discovery has not yet begun as the parties are currently awaiting the completion of written discovery. The parties believe they will be in a position to start taking depositions in late-October/early-November. The parties anticipate that there will be at least 15-20 depositions in this case.

- Expert Discovery: the parties have not yet determined whether expert discovery will be needed in this case but believe, to the extent any is required, that such expert discovery will be very limited.

 **E. Substantive Rulings:**

On October 30, 2018, the Court issued an Opinion and Order denying Defendant Democratic Party of Illinois' Motion to Dismiss the First Amended Complaint on the ground that it is not Plaintiff's employer for purposes of Title VII liability. *See* Dkt. 37 (Opinion & Order).

 **F. Anticipated Motions:**

The parties have engaged in extensive discovery communications concerning designations of privilege in Defendants' privilege log. While the parties have been able to resolve some of the privilege issues raised by Plaintiff, Plaintiff anticipates that a motion will be required to resolve all outstanding issues on this point.

**III. Trial**

 **A. Demand:**

Plaintiff has requested a trial by jury.

 **B. Trial:**

No trial date has been set.

It is Plaintiff's position that, assuming that discovery proceeds as scheduled, no expert discovery is needed and there are no additional discovery motions that need to be filed (other than what has been already been mentioned), Plaintiff anticipates being ready for trial by June 1, 2020.

It is Defendant's position that, applying the same assumptions with the additional assumption that Defendants' file dispositive motions after the completion of discovery, additional time will be required for a briefing schedule and ruling from the court. As such, Defendants anticipate being ready for trial by December 1, 2020.

C. **Final Pretrial Order:**

The parties have not filed a final pretrial order and no deadline has been set for filing a final pretrial order.

D. **Length of Trial:**

The parties anticipate that trial will take approximately 7-10 days.

IV. **Settlement, Referrals, and Consent**

A. **Status of Settlement Discussions:**

The parties have engaged in initial settlement discussions. Plaintiff issued a written demand which was rejected by Defendants. At this point in time, the parties do not believe that a settlement is possible.

B. **Referral to Magistrate Judge:**

This case has not been referred to the Magistrate Judge for discovery supervision and/or a settlement conference.

C. **Settlement Conference**:

The parties do not request a settlement conference at this time.

D. **Consent to Proceed Before Magistrate Judge:**

Counsel confirms that they have advised their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. The parties do not unanimously consent to that procedure.

V. **Additional Information from the Parties**

Without belaboring the issue, the parties would like to alert the Court to the fact that the discovery process in this case has been extraordinarily extensive. In addition to reviewing and producing hundreds of thousands of pages of ESI discovery, the parties have worked cooperatively to resolve dozens of discovery issues without having to seek court intervention. And while the parties were able to amicably resolve many of their disputes, it took significant time and resources to do so.

Additionally, at no fault of defense counsel, Plaintiff encountered significant and unexpected resistance from the majority of the third party respondents. As such,

Plaintiff's counsel was forced to also expend substantial time and resources dealing with what was often baseless and sometimes frivolous objections from the third party respondents, which in turn further elongated the discovery process. In sum, the parties have, to the best of their abilities, worked, and will continue to work, diligently towards completing discovery in a timely and expeditious fashion.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ Rachel A. Katz | /s/ Aimee Delaney |
| One of Plaintiff's Attorneys | One of Defendants' Attorneys |
| Shelly B. Kulwin | Aimee Delaney |
| Rachel A. Katz | James M. Lydon |
| Jeffrey R. Kulwin | Leigh C. Bonsall |
| KULWIN, MASCIOPINTO & KULWIN, LLP | HINSHAW & CULBERTSON, LLP |
| 161 North Clark Street, Suite 2500 | 151 North Franklin Street, Suite 2500 |
| Chicago, Illinois 60601 | Chicago, Illinois 60601 |
| 312.841.0300 | 312.704.3258 |

## CERTIFICATE OF SERVICE

I, Rachel A. Katz, an attorney, certify that I caused copies of this pleading to be served on all counsel of record by electronically filing the document with the Clerk of Court using the ECF system on September 27, 2019.

/s/ Rachel A. Katz